IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

    Plaintiff,

  v.

BALBINDER JOHAL, NANKI JOHAL, and
DOES 1-100,

    Defendants.

No. C 12-02753 JSW

**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES**

This matter comes before the Court upon consideration of the Motion to Remand filed by Plaintiff Deutsche Bank National Trust Company. On July 19, 2012, the Court issued an Order to Show Cause to the Defendants directing them to show cause why the case should not be remanded to the Contra Costa Superior Court. On July 27, 2012, Defendants filed a timely response. The Court has considered the parties' papers, including Defendants response to the Order to Show Cause, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for August 3, 2012, and HEREBY GRANTS Plaintiff's motion, DENIES the request for attorneys' fees, and REMANDS this matter to Contra Costa County Superior Court.

On May 30, 2012, Defendant Balbinder Johal ("Defendant") removed this action on the basis of a federal question. Plaintiff moves to remand and asserts that removal was untimely and asserts that the Court lacks subject matter jurisdiction over the action.[1]

---

[1] It also appears that Defendants may not have removed in a timely fashion. *See* 28 U.S.C. § 1446(b).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

The underlying state court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiff need not prove compliance with the federal law relied upon by Defendant to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorneys' fees and costs incurred as a result of Defendants' allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under § 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Defendants' arguments, the Court does not find that removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under § 1447(c).

Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter, and it HEREBY GRANTS Plaintiff's motion, DENIES the request for attorneys' fees, and REMANDS this action to Contra Costa Superior Court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: July 30, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCH BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BALBINDER JOHAL et al,<br><br>Defendant.<br>_____/ | Case Number: CV12-02753 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Balbinder Johan
Naiki Johan
4803 Buckboard Way
Richmond, CA 94803

Dated: July 30, 2012

*Jennifer Ottolini*
Richard W. Winking, Clerk
By: Jennifer Ottolini, Deputy Clerk